# Com. ex rel. Irvin *v.* Penott.

[NOVEMBER 24, 1849.]

A *minor* sister is incompetent to act as next friend in the binding of her brother as an apprentice.

An indenture of apprenticeship which does not contain a covenant to give the apprentice a reasonable education is void.

THIS was a *habeas corpus* sued out by the apprentice, Irvin, to test the validity of his indentures to the respondent. The indenture was executed by his sister, as his next friend, who, at the time, was under twenty years of age; and it contained no covenant for schooling.

*Doran*, for relator.
*Wollaston*, contra.

ROGERS, J., decided,—1. That a minor sister cannot bind her brother as an apprentice. 2. That an indenture of apprenticeship which does not contain a covenant to give the apprentice a reasonable education, is void. It is the business of the master, when he takes an apprentice, to look to this essential part of the contract, and to pro-

---

[ Commonwealth v. Penott. ]

vide for it in the indenture, when the education of the apprentice has been previously neglected. Masters that do not do this, must blame themselves if the boys are discharged. In the case now before the court, the boy was totally uneducated, and therefore Penott should have stipulated in the indenture for his schooling; and as he did not do so, the binding is invalid, and the boy must be discharged. Apprentice discharged.*

---

* It is not necessary that the person who acts as *next friend* in the binding of an apprentice, should receive an appointment as such from legal authority. *Com.* v. *Roach*, 1 Ash. 27. A sister may act as next friend, even though a *feme covert*, and the binding be to her own husband. *Com.* v. *Leeds*, 1 R. 191. Where the parent of a child lives at a distance, and has long relinquished the protection of the child, a binding by the next friend is good; but the master to whom the child was formerly bound is not such a friend as is within the meaning of the act of assembly. *Com.* v. *Kendig*, 1 S. & R. 366. A *mother*, although married to a second husband, is a *parent*, within the meaning of the act, and may, as such, independently of her husband, give assent to an indenture. *Supplee's Case*, 6 S. & R. 340. An indenture of apprenticeship is not necessarily invalid, because the father of the apprentice is in full life, and the binding made without his consent. *Com.* v. *Coxe*, 1 Ash. 71. But, where the father is living with the mother, to make a valid indenture of apprenticeship, the assent of the father, before the magistrate, at the time of the binding, expressed in writing, is necessary; the assent of the mother is not sufficient. *Com.* v. *Crommie*, 8 W. & S. 339. The general practice is, for the next friend of a minor to express his assent by sealing the indenture; but it has never been supposed that he thereby rendered himself liable on the covenants of the indenture. *Com.* v. *Leeds*, 1 R. 191; *Leech* v. *Agnew*, 7 Barr 21.

An indenture may be valid without any covenant for schooling at all, if it should appear that the education of the apprentice had been sufficiently attended to before. *Com.* v. *Leeds*, 1 R. 191, GIBSON, C. J.